IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT TALLEY | : | CIVIL ACTION |
| v. | : | |
| SUPERINTENDENT BURNS, et al. | : | NO. 13-3756 |

**REPORT AND RECOMMENDATION**

ELIZABETH T. HEY, U.S.M.J.                                                 October 21, 2013

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Vincent Talley, who is currently incarcerated at the Forest State Correctional Institution in Marienville, Pennsylvania. For the reasons that follow, I recommend that the petition be stayed pending the state courts' consideration of Talley's claim relying on the United States Supreme Court's recent decision in Miller v. Alabama, ___ U.S. ___, 132 S. Ct. 2455 (2012).

**I.  FACTS AND PROCEDURAL HISTORY**[1]

On March 15, 2000, a jury found Talley guilty of second degree murder, possession of an instrument of crime, and carrying a firearm without a license. See Commonwealth v. Talley, No. CP-51-CR-0610101-1999, Docket Sheets (Phila. C.C.P.). The charges arose from the March 19, 1999 shooting death of Marcus Williamson in Philadelphia. The Honorable John Poserina of the Court of Common Pleas of Philadelphia County sentenced Talley to life imprisonment without the possibility of

---

[1]Because Talley has a post-conviction petition pending in the state courts, I was unable to obtain the state court record in this case. The facts and procedural history are derived from the petition, the response and attached exhibits, and the state court dockets.

parole for the murder and imposed no additional sentences on the other charges. Commonwealth v. Talley, No. 3369 EDA 2001 at 3 (Pa. Super. Dec. 19, 2002).

Talley filed a direct appeal challenging the trial court's denial of a suppression motion, the Commonwealth's reliance on hearsay and badgering a witness, ineffective assistance of counsel, and prosecutorial misconduct.[2] On December 19, 2002, the Superior Court affirmed the judgment of sentence. Commonwealth v. Talley, No. 3369 EDA 2001 (Pa. Super. Dec. 19, 2002). The Pennsylvania Supreme Court denied Talley's petition for allowance of appeal on March 30, 2004. Commonwealth v. Talley, No. 13 EAL 2003, Docket Sheets (Pa. Mar. 30, 2004).

In January 2005, Talley filed a PCRA petition, which was dismissed by the trial court on May 11, 2007. Commonwealth v. Talley, No. CP-51-CR-0610101-1999, Docket Sheets (Phila. C.C.P.). It does not appear that Talley filed an appeal. On July 9, 2010, Talley again filed a PCRA petition, and then amended that petition on August 15, 2012, to add a claim based on Miller.[3] Id. That petition remains pending.

---

[2]Talley's original direct appeal was dismissed because he failed to file a brief. After new counsel was appointed and filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551, Talley's direct appellate rights were reinstated nunc pro tunc. See Commonwealth v. Talley, No. 3369 EDA 2001 at 3-4 (Pa. Super. Dec. 19, 2002).

[3]On June 25, 2012, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time the crime was committed violates the Eighth Amendment of the Constitution. Miller, 132 S.Ct. at 2474. It appears from the attachment to Talley's petition and the Superior Court's decision on direct appeal that Talley was 17 at the time of the crime. See Doc. 6 at 1; Commonwealth v. Talley, No. 3369 EDA 2001 at 4 (Pa. Super. Dec. 19, 2002).
  At the time Talley was sentenced, Pennsylvania law provided for a mandatory term of life imprisonment for second-degree murder, regardless of the age of the

2

On June 20, 2013,[4] Talley filed this petition for habeas corpus and an attached memorandum challenging his life sentence, relying on Miller.[5] See Doc. 1. In his memorandum, Talley asks that his life sentence be vacated and he be resentenced in accordance with Miller. Because Talley's Miller claim is unexhausted and pending in the state court, on October 10, 2013, the District Attorney filed a response, asking the court to stay consideration of the petition pending completion of the proceedings on Talley's pending PCRA petition. See Doc. 5 at 2.

## II. DISCUSSION

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court.

---

defendant at the time of the crime. See 18 Pa. C.S.A. §1102(b). After Miller, the statute was amended to establish a mandatory prison term of 30 years to life for second-degree murder committed by a person 15 or older (but under 18). See 18 Pa. C.S.A. § 1102.1(c)(1). The amendment applied prospectively to those convicted after June 24, 2012.

[4] Although Talley's habeas petition was filed on June 27, 2013, the federal courts employ the prisoner mailbox rule providing that a petition is deemed filed when given to prison authorities for mailing. See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). In this case, Talley failed to date his petition and the attachment is dated June 15, 2013. However, the attached certification of his prison account is dated June 20 and signed by an authorized prison official. Therefore, I will assume that he provided it to prison authorities on that date.

[5] The attachment to Talley's petition is entitled, "Petition for a Writ of Habeas Corpus," and appears to be a form with fill in the blank information. See Doc. 6. Some of the information in the attachment is not applicable to Talley's case, i.e., he has never filed a habeas petition before, so he need not seek permission to file a successive petition. The general gist of the attachment is clearly a Miller attack.

3

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

Talley's Miller claim is clearly unexhausted. It is currently pending before the trial court in a PCRA petition. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that the exhaustion requirement can conflict with AEDPA's one year statute of limitations. The Supreme Court specifically considered the issue of mixed petitions, those containing both exhausted and unexhausted claims, observing that

> [a]s a result of the interplay between AEDPA's 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, [455 U.S. 509 (1982)] petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

Id. at 275. In such cases, if the petitioner can show good cause for failing to exhaust and that his unexhausted claims have potential merit, the Court approved the use of a "stay and abey" procedure. By staying the federal petition rather than dismissing it, a petitioner can complete the state procedures necessary to comply with AEDPA's exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations. This procedure protects the concerns of both comity and finality by giving the state courts the first opportunity to address the unexhausted claims and

4

preserving the petitioner's exhausted claims from an untimely fate if the federal court were to dismiss a mixed petition. Id. at 278. Whether to stay a petition under Rhines is discretionary with the district court, guided by the timeliness concerns at issue. Id. at 277-78.

The Third Circuit subsequently held that Rhines was not limited only to mixed petitions, i.e., petitions raising both exhausted and unexhausted claims, but was applicable to cases presenting only unexhausted claims. Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009). The Third Circuit cited to the Supreme Court decision in Pace v. DiGuglielmo, 544 U.S. 408 (2005), in holding that a petitioner may file a "protective" petition, even when the petition contains only unexhausted claims. In addition, the Third Circuit, relying on language in Pace, concluded that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' [satisfying the test laid out in Rhines] for him to file in federal court." Heleva, 581 F.3d at 191 (quoting Pace, 544 U.S. at 416).

In his petition, Talley specifically asked the court to stay consideration of his petition. Doc. 1 at 15 (prayer for relief). Less than two months after the Miller decision, Talley filed an amended PCRA petition presenting the claim to the state court. Just prior to the year anniversary of the Miller decision, Talley filed a protective habeas in this court to ensure federal review if he is unsuccessful in obtaining relief in the state court.[6]

---

[6]If Miller is held to apply retroactively to cases on collateral review, Talley would have one year from the date of the Miller decision (June 25, 2012) to file a timely habeas petition in this court. See 28 U.S.C. § 2244(d)(1)(C). At this point, neither the Pennsylvania courts nor the Supreme Court have determined whether Miller will apply

5

Depending on the retroactive effect of Miller, Talley's sentence may have to be revisited by the state court. The District Attorney does not oppose granting a stay, and suggests that the trial court has been holding Talley's PCRA petition awaiting the Pennsylvania Supreme Court's decision in Commonwealth v. Cunningham, No. 38 EAP 2012 (Pa., argued Sept. 12, 2012 and resubmitted on briefs on Aug. 13, 2013), in which the court has been asked to determine whether Miller applies retroactively to cases that were final when Miller was decided.[7]

Under the circumstances, staying consideration of Talley's petition is consistent with both Rhines and Talley's interests in preserving an opportunity for federal review. If Talley is unsuccessful in obtaining relief in the state court, he may then reactivate this federal petition once his Miller claim is exhausted. Therefore, I recommend that his habeas petition be placed in suspense and that Petitioner and Respondents notify this court within thirty days of the conclusion of the state court proceedings, so that the habeas petition may proceed in this court if necessary.

---

retroactively. Had Petitioner awaited such a decision, which is required for him to present his Miller claim to the state courts, see 42 Pa. C.S.A. § 9545(b)(1)(iii), any habeas petition would have been untimely.

[7]The Third Circuit recently determined that the petitioners in a consolidated case had made a prima facie showing that Miller applies retroactively for purposes of determining whether the petitioners could file successive habeas petitions. See In re Pendleton, Nos. 12-3617, 12-3996, 13-1455, 2013 WL 5486170, at *2 (3d Cir. Oct. 3, 2013). In allowing the petitioners to file successive petitions, the court cautioned however, "our grant is tentative, and the District Court must dismiss the habeas corpus petition for lack of jurisdiction," if it ultimately concludes that Miller was not made retroactive by the Supreme Court. Id. Thus, the question whether Miller applies retroactively remains unsettled.

For the foregoing reasons, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 21st day of October, 2013, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be placed in suspense pending Petitioner's exhaustion of state court remedies. IT IS FURTHER RECOMMENDED that the court require Petitioner and Respondents to notify the court within thirty days of the conclusion of the state appellate proceedings so the habeas petition may proceed in this court. Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE